**UNITED STATED DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DONNA M. NESSELBUSH,** | ) | |
| | ) | **CASE NO. 06-296** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **PETITION FOR WRIT** |
| | ) | **OF MANDAMUS** |
| **vs.** | ) | |
| | ) | |
| **JO ANNE BARNHART** | ) | |
| | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MOTION TO AMEND PETITION FOR WRIT OF MANDAMUS**

Now come the plaintiff in the above-entitled matter, and respectfully moves this Honorable Court for leave to amend her Petition for Writ of Mandamus which was originally filed in this court on June 26, 2006. The Defendant has filed a Motion for Enlargement of Time to Answer, and has not yet answered said petition for Writ of Mandamus. The purpose of the Motion to Amend is to add one egregious case to Exhibit C. Said case was inadvertently omitted from the original Petition. Plaintiff states that the amendment is necessary as the case which Plaintiff seeks to add is egregious and deserves to be addressed by the Petition for Writ of Mandamus. No useful purpose would be served by requiring the Social Security claimant at issue or his attorney to file another Petition for another Writ of Mandamus simply to obtain relief. Plaintiff attaches an Amended Memorandum in Support of Petition for Writ of Mandamus and states that the only amendment is to Exhibit C, to include the case of a Social Security claimant named David Tracy.

WHEREFORE, Plaintiff respectfully requests that the court grant leave to file the attached Amended Petition for Writ of Mandamus.

Respectfully submitted,

Donna Nesselbush, /s/

Donna M. Nesselbush
Rhode Island Bar. No. #4650
Marasco & Nesselbush
685 Westminster St.
Providence, RI 02903
(401) 274-7400
(401) 274-7420 (fax)
Attorney for Plaintiff

**UNITED STATED DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DONNA M. NESSELBUSH,** | ) | **CASE NO.** |
| | ) | |
| **Petitioner,** | ) | **PETITION FOR WRIT OF MANDAMUS** |
| | ) | |
| **vs.** | ) | **.** |
| | ) | |
| **JO ANNE BARNHART** | ) | |
| | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ______________________________ | ) | |

**<u>Memorandum in Support of Petition to Amend Writ of Mandamus</u>**
**<u>(See Exhibit C for Addition of Social Security Claimant David Tracy. There are no changes to the text of the original Memorandum; the only change is to add the case of David Tracey to Exhibit C.)</u>**

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction over this case under 8 U.S.C. 1329, [jurisdiction over all causes arising under Title II of the Social Security Act 28 U.S.C. 1331, (federal question jurisdiction) and 28 U.S.C. 1361, (jurisdiction to compel an officer of the United States to perform a duty owed to Plaintiff)]. Plaintiff's actions are also authorized under 5 U.S.C. 704.

2. Venue is also proper under 28 U.S.C. 1391(b) and (e)(1), (2) and (4) because the incidents giving rise to this action occurred in the District of Rhode Island. Petitioner resides in Providence County. Respondent is an officer of a federal agency and is charged by law with the statutory obligation to promptly fulfill her functions under the Social Security Act and under the Regulations promulgated pursuant to said Act. The obligation at issue in this case is to pay attorney's fees to Petitioner attorney, which Respondent has withheld from claimants in Title II

and Title XVI Social Security cases. All fees at issue are properly due and owing and/or authorized by law and/or regulation.

3. There are no administrative remedies, other than those already tried by Petitioner, by which Petitioner can compel Respondent to pay withheld fees.

4. The Commissioner of the Social Security Administration, as a member of the executive branch of government, is required to apply federal law. Marbury v. Madison, 5 U.S. 137 (1803); U.S. Constitution, Article II, Section 3 (The President "shall take care that the Laws be faithfully executed"); See also Lopez v. Heckler, 725 F. 2d 1489 (9th Cir. 1984).

## PRELIMINARY STATEMENT

PETITIONER, Donna Nesselbush, is an attorney licensed to practice law before the Courts of the State of Rhode Island and the District Court for the District of Rhode Island.

PETITIONER's legal practice consists of representing claimants for disability benefits under the Social Security Act, from the initial application for benefits through any and all appellate levels.

PETITIONER accepts cases only on a contingent fee basis. Once Petitioner wins a case, fees are withheld by the Commissioner of Social Security for direct payment to the attorney in Title II and XVI Social Security cases. An attorney is entitled to direct payment of those fees after certification by the Commissioner of Social Security that the fee has been properly approved and there is no protest to the fee.

In each of the cases set forth in Exhibit "A," PETITIONER's fees were properly approved by the Commissioner for work performed before the Social Security Administration.

In each case set forth in Exhibit A, the attorney's fee was approved through either the expedited fee agreement or fee petition process. For each case in Exhibit A, PETITIONER attaches documentation indicating her fee has been approved. Greater than six (6) months, and in most cases nearly one year, has passed since the fees were approved. PETITIONER has made more than reasonable effort, and in some cases Herculean effort, to bring this delay of payment to the attention of the Social Security Administration, such that PETITIONER could be paid. PETITIONER attaches copies of letters sent to the Administration showing her effort to obtain her fees. PETITIONER swears upon pain of perjury that original copies of these letters were sent to the Administration in the ordinary course of business.

In each of the cases set forth in Exhibit "B," PETITIONER has received a Notice of Award from the Social Security Administration indicating that her clients' cases have been approved, and that her client would receive retroactive benefits. PETITIONER's fee petition has been filed, but either PETITIONER's fees or PETITIONER's client's benefits, or both, have yet to be calculated or released. More than six (6) months, and in one case more than *two years* has passed since the applications were approved and the fee petitions were filed. PETITIONER has made more than reasonable effort, and in some cases Herculean effort, to bring this delay to the attention of the Administration. PETITIONER attaches copies of letters sent to the Administration showing her effort to obtain her fees. PETITIONER swears upon pain of perjury that original copies of these letters were sent to the Administration in the ordinary course of business.

In each of the cases set forth in Exhibit "C," PETITIONER has received notice from the Social Security Administration that her clients' cases have been approved, more than six (6) months have elapsed, more than a reasonable amount of time has elapsed, but the Social Security

Administration has either not processed the payment aspects of the case, or has not calculated the claimant's retroactive benefits, or has not paid the claimant's retroactive benefits, or has not issued a Notice of Award which sets forth the amount of retroactive benefits and the amount of the derivative 25% attorney's fee, some or all of which is required for the claimant and Petitioner to be paid. PETITIONER has made more than reasonable effort, and in some cases Herculean effort, to bring this delay to the attention of the Administration. PETITIONER attaches copies of letters sent to the Administration with regard to these cases. PETITIONER swears upon pain of perjury that original copies of these letters were sent to the Administration in the ordinary course of business.

**PARTIES**

PETITIONER, Donna M. Nesselbush, is a citizen of the United States who resides in Pawtucket, Rhode Island. She successfully represented the claimants set for in Exhibits "A," "B" and "C."

RESPONDENT, Jo Anne Barnhart, is the Commissioner of the Social Security Administration, an agency of the Executive Branch of the United States Government.

**FACTUAL STATEMENT**

1. Petitioner successfully represented each of the claimants named in the documents attached hereto as Exhibits "A," "B" and "C" in a Social Security disability case before the Social Security Administration;

2. For each of the cases set forth in Exhibit "A," past due benefits were or should have been withheld for direct payment of attorney's fees;

3. For each of the cases set forth in Exhibit "A," the time in which to protest the fees awarded has expired. Therefore, payment of the fees to Petitioner is due in each said case;

4. For each of the cases set forth in Exhibit "A," more than six (6) months, and in many cases much more than six (6) months, have passed since the fees in each of the cases became properly due and owing to Petitioner;

5. Petitioner has not received any of the fees which are due and owing in the cases listed in Exhibit "A";

6. Pursuant to 42 U.S.C. 405(i), 42 U.S.C. 406(c)(4)(A) and 20 C.F.R. 404.1720, 1725 and 1730(b), Petitioner is a person entitled to direct payment under Sub-chapter 405 of the Social Security Act, and the Commissioner owes a ministerial duty to make payment to the undersigned within a reasonable time;[1]

7. For each of the cases set forth in Exhibit "A," the time between the approval of the fees set forth in Exhibit "A" and the date of this Petition for Writ of Mandamus far exceeds a reasonable time, and plainly constitutes an unreasonable length of time to wait for payment lawfully and properly owed by the government to a citizen;

8. For each of the cases set forth in Exhibit "A," Respondent has been notified of her default. Copies of letters sent to respondent are attached. Petitioner swears upon pain of perjury

[1] Petitioner recognizes that the term "reasonable time" is a subjective one, particularly in a time of war. However, Respondent allows a claimant sixty (60) days from the date of notice in which to appeal at each step of the proceeding, in allowing for the difficulties disabled persons might have in appreciating what they must do next. It is urged that this Court apply the same standard to the Administration. However, even assuming that this Court declines to apply this standard, it must be reinforced that many of these fees were approved six (6) months or more

that the originals of same were sent to the appropriate division of the Social Security Administration in the ordinary course of business;

9. For each of the cases set forth in Exhibit "B," Petitioner has won her clients' cases, the client has been informed by the Social Security Administration that retroactive benefits are due and owing and that attorney's fees have been withheld. In each case, Petitioner dutifully filed her fee petition requesting authorization of her 25% attorney's fee. In each case, said fee petition was sent to the appropriate division of the Social Security Administration more than six (6) months ago;

10. The Commissioner, as sole arbiter of the fee petitions and sole proprietor of the attorney's fees at issue, owes a ministerial duty to issue a Fee Authorization and make payment to the undersigned and the named claimants within a reasonable time[2];

11. For each of the cases set forth in Exhibit "B," the time between the attorney's submission of her fee petition and the date of this Petition for Writ of Mandamus far exceeds a reasonable time within which the government should have acted on behalf of one of its citizens;

12. For each of the cases set forth in Exhibit "B," Respondent has been notified of her default. Copies of letters sent to respondent are attached. Petitioner swears upon pain of perjury that the originals of same were sent out in the ordinary course of business.

13. For each of the cases set forth in Exhibit "C," the attorney has won the case, the

---

prior to the filing of this petition. Surely, even in a time of war, a delay of this magnitude is *per se* unreasonable.

[2] Again, although the term "reasonable time" is subject to interpretation, the cases named in Exhibit "B" are well outside the expected waiting period.

claimant has been notified by the Social Security Administration of the approval for disability benefits, but for each said case, the Social Security Administration has failed to pay the claimant her/his retroactive benefits, has failed to generate and send the claimant and the attorney the required Notice of Award detailing the amount of retroactive benefits and the amount of the derivative 25% attorney's fee, such that the attorney does not have the required information to be able to submit a fee petition and in order to get paid;

14. For each of the cases set forth in Exhibit "C," the time between the approval of the claim for benefits and the calculation of benefits and generation of a Notice of Award exceeds six (6) months, and far exceeds a reasonable time;

CLAIMS FOR RELIEF

15. Respondent has an unquestionable ministerial duty to adjudicate, calculate and pay, within a reasonable period of time, retroactive disability benefits and derivative (25%) attorneys fees on approved case;

16. For the cases set forth in Exhibits A, Respondent's failure to pay attorney's fees is inconsistent with the Social Security Act, policies, procedures and/or POMS (the Program Operational Manual) and inconsistent with the established obligation of administrative agencies to follow the law and carry out their obligations. Said recalcitrance entitles Petitioner to relief

in the form of a Writ of Mandamus compelling the government to pay attorneys fees properly due and owing within ten (10) days of the issuance of the writ.

17. For the cases set forth in Exhibit B, Respondent's failure to act on Petitioner's Fee Petition is inconsistent with the Social Security Act, policies, procedures and/or POMS (the Program Operational Manual) and inconsistent with the established obligation of administrative agencies to follow the law and carry out their obligations. Said recalcitrance entitles Petitioner to relief in the form of a Writ of Mandamus compelling the government to act on the fee petition by issuing a Fee Authorization within 30 days of the Writ, and to pay attorneys fees properly due and owing within ten (10) days of the Fee Authorization.

18. For the cases set forth in Exhibit C, Respondent's failure to issue Notices of Award, to pay retroactive disability benefits and/or to issue such other governmental documentation which would allow Petitioner to file fee petitions to get paid is inconsistent with the Social Security Act, policies, procedures and/or POMS (the Program Operational Manual) and inconsistent with the established obligation of administrative agencies to follow the law and carry out their obligations. Said recalcitrance entitles Petitioner to relief in the form of a Writ of Mandamus compelling the government to issue said Notices of Award, pay retroactive disability benefits that may be due and owing and issue such other governmental documentation which would allow Petitioner to file fee petitions for or otherwise obtain attorney's fees properly due and owing. Said Writ of Mandamus should compel each step of the above sought after relief within ten (10) days of the issuance of the writ.

19. The Social Security Administration has an unquestionable responsibility to

adjudicate all aspects of a claimants' case, including the payment of retroactive benefits and attorney's fees, in a timely and efficient manner. Claimants and their attorneys ask for nothing more, but they deserve nothing less: they deserve to have the government follow their own policies and procedures and they deserve timely and efficient processing of their claims. When the government is willfully recalcitrant, claimants and their attorneys deserve access to and action by the federal courts to compel the government to act according to its own rules. The Social Security Administration is clearly an arm of our government and it is charged to process all aspects of disability claims within a reasonable time. To ask totally disabled citizens or legal residents, unquestionably among the most vulnerable living at the very outer fringes of our society, to wait greater than six months for their benefits after the Commissioner herself has agreed they meet the criteria to receive disability benefits is unconscionable. Similarly, to ask those who represent these most disadvantaged citizens and residents to wait more than six months for their lawfully due and owing attorney's fees is equally an injustice. Our government can and should do better, and when it does not, when it appears willfully recalcitrant despite reasonable and in some cases Herculean efforts, a Writ of Mandamus is an appropriate remedy.

**WHEREFORE,** Petitioner prays that this Court grant the following relief:

1. Issue a Writ of Mandamus ordering Respondent to promptly comply with her ministerial duty to pay attorneys fees that are due and owing, or to calculate retroactive disability benefits and derivative attorneys fees, to pay claimants and to issue Notices of Award or such other governmental documentation which would allow Petitioner to submit Fee Petitions in order to get paid on approved disability cases;

2. For all cases set forth in Exhibit "A," the Writ of Mandamus should compel

Respondent Commissioner of the Social Security Administration to pay all fees owed within ten (10) days of the issuance of the writ;

3. For all cases set forth in Exhibit B, the Writ of Mandamus should compel Respondent to adjudicate Petitioner's Fee Petitions by issuing Fee Authorizations and pay attorney's fees within thirty (30) days of the issuance of said Writ.

4. For all the cases set forth in Exhibit C, the Writ should compel the government to calculate and pay retroactive benefits to the claimants at issue, said claimants have been found to be disabled by the Respondent, and pay such attorney's fees as are due according to Petitioner's Fee Petition or Fee Agreement, as approved or authorized by the Respondent, requiring that each step in the process be completed within 10 days of each other, the first step to be complete within ten (10) days of the issuance of the Writ.

5. Award Petitioner the cost of this action, reasonable attorney's fees and such other and further relief as the Court shall deem just and proper;

6. Retain jurisdiction of this case to assure compliance by Respondent.

Respectfully submitted,

Donna Nesselbush, /s/

Donna M. Nesselbush
Rhode Island Bar. No. #4650
Marasco & Nesselbush
685 Westminster Street

Providence, RI 02903
(401) 274-7400 (tel)
(401) 274-7420 (fax)
DNesselbush@M-N-Law.com
*Pro Se*

**CERTIFICATION**

I hereby certify that a true copy of the within Petition for Writ of Mandamus was sent via Electronic Court Filing to:

U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

on this 22nd day of September 2006.

Donna Nesselbush, /s/