**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DONNA M. NESSELBUSH,<br>Petitioner,<br><br>v.<br><br>LINDA S. McMAHON,[1]<br>Acting Commissioner of Social Security,<br>Respondent. | ) | Case No. 06-296S |

**ANSWER**

Now comes the respondent, Linda S. McMahon, the Acting Commissioner of Social Security, and respectfully states that on best information and belief all twenty-two (22) matters complained of in the petitioner's original and amended Petition for Writ of Mandamus[2] have been resolved and requested relief has been granted such that no controversy exists and the matters are moot. To the extent that the petitioner prays that the Court compel the respondent to pay such attorney's fees as are due

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Jo Anne B. Barnhart as the respondent in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The petitioner filed her original Petition for Writ of Mandamus on June 26, 2006. She subsequently amended her Petition for Writ of Mandamus on September 22, 2006 adding one (1) more matter to Exhibit C of the Petition but otherwise leaving the original Petition unchanged.

according to the petitioner's fee petitions with respect to the petitioner's representation of the claimants David Tracy and Constance Alarie, this Court lacks subject matter jurisdiction to compel such action as the petitioner just recently filed her fee petitions with the respondent on January 17, 2007 and January 23, 2007, respectively, and the respondent is in the process of reviewing these petitions at the administrative level. The respondent therefore answers the Petition as follows:

With respect the petitioner's allegations found in paragraphs 1 through 4 in the section entitled Jurisdiction and Venue, the respondent neither admits nor denies these allegations as they contain legal conclusions and/or factual characterizations to which no responsive pleading is required. To the extent that a response is required, the respondent denies the allegations found in paragraphs 1 through 4 in the section entitled Jurisdiction and Venue.

With respect to the allegations found in the petitioner's Preliminary Statement the respondent neither admits nor denies these allegations as they contain legal conclusions and/or factual characterizations to which no responsive pleading is required. To the extent that a response is required, the respondent denies the allegations found in the petitioner's Preliminary Statement.

The respondent admits that the parties are Donna M. Nesselbush and the Commissioner of the Social Security Administration.[3]

With respect to the petitioner’s allegations found in paragraphs 1 through 19 of the Factual Statement, the respondent neither admits nor denies these allegations as they contain legal conclusions and/or factual characterizations to which no responsive pleading is required. To the extent that a responsive pleading is required, the respondent answers paragraphs 1 though 19 as follows:

With respect to the petitioner’s allegations relating to the matters involving the petitioner's representation of the eight (8) claimants named in Exhibit A and the five (5) claimants named in Exhibit B of the petitioner's Petition, the respondent states that on best information and belief all matters have been resolved and requested relief has been granted such that no controversy exists and the matters are moot.

With respect to the petitioner’s allegations relating to the matters involving the petitioner's representation the eight (8) claimants named in Exhibit C of the petitioner's original Petition and the one (1) claimant subsequently named in Exhibit C of the amended Petition, the respondent states that on best information and belief all matters have been resolved and

[3] See supra n. 1.

requested relief, as specifically set forth in paragraph 18, has been granted such that no controversy exists and the matters are moot.

The remainder of the allegations in the petitioner's Petition constitute a Prayer for Relief to which no response is deemed necessary; however, if the Court requires a response, the respondent denies that the petitioner is entitled to the relief sought. The respondent further states that on best information and belief all matters complained of in the petitioner's Petition have been resolved and requested relief has been granted such that no controversy exists and the matters are moot. In the matters involving the petitioner's representation of the claimants David Tracy, found in Exhibit C of the amended Petition, and Constance Alarie, found in Exhibit C of the original Petition, the respondent states that on best information and belief the petitioner's fee petitions, which were only just recently filed by the petitioner with the respondent on January 17, 2007 and January 23, 2007, respectively, are in the process of being reviewed at the administrative level. With respect to the petitioner's prayer for relief in paragraph 4 that the Court compel the respondent to pay such attorney's fees as are due according to the petitioner's fee petitions in these matters, this Court lacks subject matter jurisdiction to compel such action.

The respondent states the following as affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over this matter.

**SECOND AFFIRMATIVE DEFENSE**

The petitioner has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The matters complained of in the petitioner's original and amended Petition have been resolved and requested relief has been granted such that no controversy exists and the matters are moot.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the petitioner prays that the Court compel the respondent to pay such attorney's fees as are due according to the petitioner's fee petitions with respect to the matters involving the petitioner's representation of the claimants David Tracy, found in Exhibit C of the amended Petition, and Constance Alarie, found in Exhibit C of the original Petition, this Court lacks subject matter jurisdiction to compel such action as the petitioner just recently filed her fee petitions with the respondent on January 17, 2007 and January 23, 2007, respectively, and the respondent is in the process of

reviewing these petitions at the administrative level.

Respectfully submitted,

LINDA S. McMAHON,
Acting Commissioner of Social Security

By Her Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
Email: michael.iannotti@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2007, I electronically filed the within Answer with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

Donna M. Nesselbush, Esq.
Marasco & Nesselbush
685 Westminster Street
Providence, RI 02903

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
Email: michael.iannotti@usdoj.gov